IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KANDANCE WELLS,

    Plaintiff,

v.                                                                CIVIL ACTION NO. 2:23-cv-604

KANAWHA COUNTY CIRCUIT
COURT, et al.,

    Defendants.

**PROPOSED FINDINGS & RECOMMENDATION**

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Costs. [ECF No. 1]. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). [ECF No. 3]. Having examined the Plaintiff's form Complaint [ECF No. 2], the undersigned respectfully recommends that Plaintiff's Application be **DENIED** and this civil action be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B), as Plaintiff's Complaint is frivolous, fails to state a claim on which relief may be granted, and seeks monetary relief against Defendants who are immune.

**I.     Background**

Plaintiff Kandance Wells ("Plaintiff") filed her Complaint on September 11, 2023, naming six Defendants in this action: (1) the Circuit Court of Kanawha County, West

Virginia; (2) Carrie Webster, Kanawha County Circuit Court Judge; (3) Jennifer Bailey, Kanawha County Circuit Court Judge; (4) Joanna Tabit, Kanawha County Circuit Court Judge; (5) Cathy Gatson, Kanawha County Circuit Court Clerk; and (6) Patrick Morrisey, the Attorney General of West Virginia. [ECF No. 2 at 1-2]. Plaintiff indicated in her Complaint that the basis for original subject-matter jurisdiction in federal district court is based upon a federal question, citing 28 U.S.C. § 1331. [ECF No. 2 at 4]. In support, Plaintiff vaguely listed "Title VI." *Id.* Ostensibly, Plaintiff intended to refer to Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*, which prohibits discrimination on the basis of race, color, and national origin in programs and activities receiving federal financial assistance. [ECF Nos. 2-23; 2 at 4-5].

Plaintiff's statement of the claim is comprised solely of the following three sentences, restated *verbatim*:

> Plaintiff claims that she has been retaliated against for making claims of intentional torts in housing, civic departments, and local housing authorities through the courts. Plaintiff alleges that Circuit Court Judges arranged to retaliate against her through the issuance of mental evaluations (court ordered) in determinations through the courts, and in diversity, to revoke federal benefits. Plaintiff makes claims that the use of personal affiliations were used to discriminate, retaliate, and/or harm her family members in other jurisdictions in order to evade lawsuits, and to extort.

[ECF No. 2 at 5]. Finally, in the portion of the form Complaint for designating the "damages or other relief the plaintiff asks the court to order," Plaintiff stated that she seeks "[p]unitive monetary demands in the amount of $7,000,000.00." [ECF No. 2 at 5].

Attached to Plaintiff's Complaint in this civil action are approximately two hundred pages of exhibits, none of which flesh out the vague and conclusory allegations in the Complaint. These exhibits are chiefly comprised of excerpts from court filings in civil actions before the Circuit Court of Kanawha County, West Virginia, involving disputes

between Plaintiff and the Charleston-Kanawha Housing Authority ("CKHA") regarding Plaintiff's payment of rent to, and receipt of housing benefits administered by CKHA as well as what appear to be eviction proceedings either related to, or part of, these civil actions. *See* excerpted filings from *Wells v. CKHA*, Nos. 22-C-282, 22-C-284, and 23-C-AP-37 (Kanawha County Circuit Court). [ECF Nos. 2-2; 2-3; 2-4; 2-16].[1] It appears from these exhibits that Plaintiff subsequently filed a motion to disqualify Judge Webster in each of the civil actions in the Circuit Court of Kanawha County. *See id*. However on May 26, 2023, Chief Justice Elizabeth D. Walker of the West Virginia Supreme Court of Appeals entered an Administrative Order in matter Nos. 23-C-AP-37, 22-C-282, and 23-C-284, determining "that all the evidence set out in support of [Plaintiff's] disqualification motion is insufficient to warrant such disqualification." [ECF No. 2-7 at 9].

Plaintiff appears to have subsequently asserted a claim against Judge Webster in one of these matters, No. 23-C-482, "for negligence and obstruction of justice." [ECF No. 2-6]. Again, Plaintiff did not set forth allegations of fact in support of her claim against Judge Webster beyond mere labels of "negligence," "obstruction of justice," "discriminatory action," and "intentional torts and suspicions of bribery." *Id*. at 5. It appears that Judge Webster then filed a motion to dismiss Plaintiff's claim on the grounds that judicial immunity barred the $880,000 in monetary relief sought by Plaintiff, and because Plaintiff failed to state a claim upon which relief could be granted because her "Complaint and accompanying documentation are completely devoid of any factual allegations to support her claims." [ECF No. 2-7 at 3-18].

---

[1] In addition to the attachments to her Complaint, Plaintiff subsequently filed a number of similar documents in this matter, all excerpted from the aforementioned State-court proceedings and appeal therefrom. [ECF Nos. 15; 16; 16-1].

3

While it is not clear from the record, it appears that Plaintiff was unsuccessful in each of these civil actions before the Kanawha County Circuit Court, and attempted to appeal the outcome in those matters. These also appear to have been unsuccessful. Plaintiff attached an August 24, 2023 Order of the Intermediate Court of Appeals of West Virginia prohibiting "any future telephone calls from Kanda[n]ce Wells to officials and employees of this Court," on the grounds that Plaintiff "has made repetitive, obscene, harassing, vexatious, and frivolous telephone calls to officials and employees of the Clerk's Office of this Court, as well as to other governmental entities who have referred the calls to the Clerk's Office." [ECF No. 2-11 at 2]. Plaintiff's appeal was seemingly denied on the grounds that she failed to perfect the appeal. [*See, e.g.*, ECF Nos. 2-9; 16-1].

In addition to documents related to the State-Court proceedings, Plaintiff attached a July 11, 2023 Complaint she filed against Judge Webster with the West Virginia Judicial Investigation Commission ("JIC"). [ECF Nos. 2-3; 2-8]. Plaintiff's JIC Complaint appears to arise from her dissatisfaction with the outcome of the aforementioned civil actions before the Kanawha County Circuit Court. *See id*. Therein, Plaintiff does not set forth allegations of fact; instead, she merely lists conclusory labels of "retaliation," "discrimination," "a conflict of interest," "coercion," "badgering," and "yelling" by Judge Webster and Judge Bailey, who Plaintiff claimed acted "in [c]ahoots" with "the attorney for the housing authority of Charleston-Kanawha County." *Id*. at 4. The only acts by Judge Webster and Judge Bailey cited by Plaintiff in the draft Complaint appear to be an order denying Plaintiff's appeal of eviction proceedings in Kanawha County Magistrate Court finding that Plaintiff failed to demonstrate good cause for an appeal; a hearing in which Judge Webster was allegedly impolite to Plaintiff and denied the relief Plaintiff requested;

4

and Judge Tabit's reassignment of a related civil action to be consolidated with the other actions pending before Judge Webster. [*See generally* ECF Nos. 2-2; 2-3; 2-4; 2-5]. Much like the Complaint in the matter *sub judice*, Plaintiff's JIC Complaint did not set forth any information beyond conclusory labels to identify or otherwise explain the basis for her allegations of judicial misconduct and discrimination. *See id.*

Finally, Plaintiff attached correspondence she received from the Disability Determination Section of the Social Security Administration requesting Plaintiff's appearance for a mental-status examination, in addition to certain documents relating to an increase in her Social Security disability benefits. [*See* ECF Nos. 2-6 at 8; 2-9 at 10-14; 2-10 at 10; 2-13; 2-14 at 9; 2-16 at 20].

Subsequently on January 25, 2024, Plaintiff filed three additional documents in the instant civil action. First, Plaintiff filed a document seeking to amend her Complaint to add "Judge Stowers of the Putnam County Courts," who presided over one of the above-referenced civil actions, number 23-cv-482, "under special assignment." [ECF No. 17]. Much like Plaintiff's Complaint, her claim against Judge Stowers in this document is devoid of meaningful factual allegations and instead merely lists conclusory labels in a vague manner. Specifically, Plaintiff states that her request to add Judge Stowers is "based on participation in (def) derogatory action against her, personally discriminatory action taken against her citing 'undue influence' in court procedure that have harmed plaintiff in her personal and professional life." *Id.*

Second, on that same date Plaintiff filed a second document seeking to amend her Complaint to add "Judge Rowe to the list of the defendants in this case based on recent orders entered on behalf of Judge Rowe" in two of the above-referenced civil actions,

numbers 23-cv-282 and 23-cv-284. [ECF No. 18]. Again, Plaintiff's claim against Judge Rowe in this document is devoid of meaningful factual allegations and instead merely lists conclusory labels in a vague manner. Specifically, Plaintiff "states that Judge Rowe participated in allegations previously set before the courts against the Kanawha County Circuit Court following the filing of her case filed in federal court." *Id.* Plaintiff then concludes with a statement that she "alleges derogatory action, discriminatory action against her, and forms of judicial influence that have harmed her personally." *Id.*

Third, on the same date that Plaintiff filed the documents requesting to add Judge Rowe and Judge Stowers as Defendants in the instant civil action, she also filed a document titled "Brief in Memorandum," informing this Court "of perceived threats in telecommunal [*sic*] and vehicular form, in which she personally relates to case filings within these courts." [ECF No. 19]. Without elaborating, Plaintiff next "claims that she has been threatened physical harm in the jurisdiction in which this case is filed." *Id.* She does not explain who made the alleged threats or detail the substance of the threats; instead, Plaintiff continues that "such threats are a result of the pursu[it] of the defendants within court, and that such threats are forms of extortion, and jurisdictional terror in relation to claims made within the court(s)." *Id.* Plaintiff then concludes with a statement that she "seeks punitive and compensatory damages in monetary amounts set forth based on conspired attempts at the evasion of lawsuits on behalf of the defendant(s)." *Id.*

Finally, Plaintiff submitted a two-page document titled "Brief in Memorandum" in this civil action on April 1, 2024. [ECF No. 20]. Therein, Plaintiff purports to submit "evidentiary support in claims made to the federal court of the mishandling of her civil

claims made in the Circuit Court of Kanawha County." *Id*. Attached to the "Brief in Memorandum" are a number of documents related to the outcome of Plaintiff's attempts to appeal the outcome of the State-Court proceedings. [ECF No. 20-1]. It appears that the Supreme Court of Appeals of West Virginia rejected Plaintiff's attempt to file a direct appeal in that jurisdiction; the Clerk of Court informed Plaintiff by correspondence dated March 19, 2024 that "an appeal from a final judgment or order of a circuit court in a civil case . . . shall be made to the Intermediate Court of Appeals" under West Virginia Code § 51-11-4. *Id*.

In her "Brief in Memorandum," Plaintiff explains that she was unable to comply with § 51-11-4 because "[i]t has been ordered for plaintiff to have (make) no further correspondence with the Intermediate Court of Appeals for any reason[.]" [ECF No. 20 at 2]. Although Plaintiff acknowledges that she "has notified the Supreme Court of Appeals of grievances with the Intermediate Court of Appeals," she asks in her "Brief in Memorandum" that this Court review the State-courts' orders, and to require the Supreme Court of Appeals to permit Plaintiff to proceed with her appeal therein from the final order of the Circuit Court of Kanawha County, thereby "protecting plaintiff's civil right to do so." *Id*.

## II. <u>Legal Standard</u>

Where, as here, a plaintiff seeks to proceed *in forma pauperis*—in other words, without payment of the applicable filing fees and court costs—a federal district court has a duty to independently assess the merits of the plaintiff's complaint before the action may proceed, and "exclude suits that have no arguable basis in law or fact." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (citing *Nasim v. Warden*, 64 F.3d 951,

7

953–54 (4th Cir. 1995)); 28 U.S.C. § 1915(e). Pursuant to this standard, a complaint filed *in forma pauperis* must be dismissed if the court determines that the civil action is frivolous or malicious, if the complaint fails to state a claim upon which relief may be granted, or if the complaint seeks monetary relief against a defendant is immune from such relief. *Eriline*, 440 F.3d at 656 (quoting 28 U.S.C. § 1915(e)).

Finally, where—as in the matter *sub judice*—Plaintiffs is proceeding without counsel, "[a] document filed pro se is to be liberally construed[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This requirement of liberal construction does not mean, however, that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

### III. Discussion

Here, Plaintiff's Complaint must be dismissed pursuant to 20 U.S.C. § 1915(e)(2)(B) because it is fundamentally frivolous, it fails to state a claim upon which relief may be granted, and it seeks monetary relief against Defendants who are immune from the monetary damages sought in this matter.

First, Plaintiff's Complaint is both frivolous, and fails to state a claim upon which relief may be granted, for the same reasons. A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Similarly, a Complaint fails to state a claim when it does not set forth sufficient factual allegations to make a facially-plausible legal claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The district court must

accept as true all factual allegations contained in the complaint, and the Plaintiff is not required to make "detailed" factual allegations. *See id*. However, bare "labels and conclusions" or "formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). To achieve facial plausibility, the Complaint must set forth "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and instead must plead facts which move the claim beyond the realm of mere possibility, and allow the court to draw the reasonable inference that a defendant is liable. *Iqbal*, 556 U.S. at 678.

Here, Plaintiff's Complaint is a textbook example of an "unadorned, the-defendant-unlawfully-harmed-me accusation." There are virtually zero allegations of fact at all in the three statements contained in the form Complaint itself. Plaintiff vaguely alludes to discrimination, retaliation in the form of "court-ordered" mental evaluations, extortion, threats to her family members, and threats to revoke her federal benefits; however, Plaintiff makes no effort whatsoever to move the claim beyond the realm of mere possibility. It is completely unclear from the Complaint who engaged in such misconduct, what actions constituted this misconduct, the manner in which this misconduct was purportedly retaliatory or discriminatory, whether Plaintiff is a member of a protected class, which family member(s) were threatened—the numerous and monumental gaps in factual context render the entire action entirely implausible.

Even when considering the hundreds of pages of documents Plaintiff attached to her Complaint without elaboration, these questions remain wholly unanswered; the Court is not any closer to understanding what specific acts by any of the named Defendants were alleged to have been violative of Plaintiff's rights, or in what way any of the State-Court

proceedings were wrongful or gave rise to a cause of action. For instance, in an apparent attempt to support her allegations of judicial misconduct, Plaintiff attached correspondence she received from the Disability Determination Section of the Social Security Administration requesting Plaintiff's appearance for a mental-status examination, in addition to certain documents relating to an increase in the amount of her Social Security disability benefits. [*See* ECF Nos. 2-6 at 8; 2-9 at 10-14; 2-10 at 10; 2-13; 2-14 at 9; 2-16 at 20]. However, none of these communications relate to Plaintiff's State-Court litigation or any of the named Defendants. The Social Security Administration clearly expressed to Plaintiff that its correspondence related to Plaintiff's application for Social Security disability benefits with the Administration, a federal agency that is completely independent from the State of West Virginia's judicial and executive branches. Without any factual assertions tying a routine administrative determination by a federal agency to any purported acts or omissions by any of the named Defendants, the Court is left to merely speculate the realm of mere possibility.

In short, from the undersigned's review, Plaintiff's allegations are "disconnected, rambling, and largely incoherent." See *Kraim v. Virginia*, 3:21-cv-00326, 2021 WL 3612305, at*2 (S.D.W. Va. Jul. 26, 2021) (quoting *Von Fox v. U.S. State Department*, No. 2:16-cv-185-RMG-MGB, 2016 WL 11409536, at *4 (D.S.C. Feb. 16, 2016) ("The Complaint's allegations are, at best, difficult to follow. The Complaint's allegations are disconnected and nonsensical and appear to be the ramblings of a troubled mind.")). From the undersigned's review of the Complaint and the other materials submitted by Plaintiff in the instant civil action, Plaintiff indicates that she is aggrieved by

many things, but she provides no context as to who, what, when or how any of the named Defendants purportedly committed the alleged misconduct.

Additionally, Plaintiffs' claims lack any legal basis because Plaintiff seeks relief against Putnam County and Kanawha County Circuit Court Judges who are immune from actions for monetary damages arising from their judicial acts. Specifically, the Supreme Court of Appeals of West Virginia recognized the doctrine of absolute judicial immunity, providing that, "[w]hen acting in his [or her] judicial capacity a judge is immune from civil liability for any and all official acts." *Pritchard v. Crouser*, 332 S.E.2d 611, 614 (W. Va. 1985). In application, this means that Plaintiff's claims against the Putnam County and Kanawha County Circuit Court Judges for any and all of their judicial acts are barred by absolute judicial immunity, unless "those acts fall clearly outside the judge's subject matter jurisdiction." *Roush v. Hey*, 475 S.E.2d 299, at Syl. Pt. 4 (W. Va. 1996). Nothing in Plaintiff's Complaint or the other materials she filed with this Court in the instant civil action demonstrate that the alleged judicial acts at issue fell "clearly outside" these Defendants' roles as judicial officers in the course of presiding over civil actions to which they were assigned. Further, nothing in the attached pages or the Complaint itself even mentions Defendant Gatson or Defendant Morrisey; their purported roles in the judicial misconduct alleged by Plaintiff is simply nonexistent under Plaintiff's own statement of the facts.

Finally, the Fourth Circuit has stated a general preference for permitting a pro-se party one opportunity to amend his or her complaint; nonetheless, the Fourth Circuit expressly stated that this Court may deny leave to amend when "the amendment would be futile," such that "it is clearly insufficient or frivolous on its face" or "if the claim it presents would not survive a motion to dismiss." *Equal Rights Ctr. v. Niles*

11

*Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019). That is precisely the case in the matter at hand, for the reasons set forth above. Furthermore, the futility of amendment is even more obvious when viewed in the surrounding context of Plaintiff's litigation history. As set forth above, Plaintiff brought multiple civil actions before the Kanawha County Circuit Court, she appealed those actions to the Intermediate and Supreme Court of Appeals of West Virginia, and she made a claim before the JIC; in every instance, Plaintiff failed to identify, explain, allege, or describe the facts which gave rise to her conclusory assertions that she was unlawfully harmed. Furthermore, Plaintiff's conduct in prior proceedings before this Court reveals that these fundamental failings are quickly becoming a pattern for her. *See Wells v. CAMC-SYSTEM*, 2:22-cv-370, ECF No. 4 at 3 (S.D. W. Va. Sept. 13, 2022), (explaining that "this is the third lawsuit . . . Plaintiff has filed this year in this District against another defendant based on fantastic or delusional scenarios," in which Plaintiff "continues to fail to substantiate her outlandish allegations with any facts supporting any cognizable claim for relief"), adopted, 2:22-cv-370, ECF No. 5 (S.D. W. Va. Oct. 11, 2022); *Wells v. State of West Virginia*, 2:22-cv-323, ECF No. 7 at 5 (S.D. W. Va. Sept. 13, 2022) (recommending dismissal on the grounds that Plaintiff's "naked assertions" of fact "indicate[] that she is aggrieved by many things, but she provides no context as to who, what, when, or how the State of West Virginia committed the alleged misconduct"), *adopted*, 2:22-cv-323, ECF No. 9 (S.D. W. Va. Oct. 25, 2022); *Wells v. City of Charleston*, 2:22-cv-40, ECF No. 7 at 3-4 (S.D. W. Va. Mar. 7, 2022) (recommending dismissal and explaining that, "despite having . . . a chance to amend her Complaint, Plaintiff nevertheless failed to comply with the general rules of pleading," as Plaintiff

"indicates that she is aggrieved by many things, but she provides no context as to who, what, when or how the City of Charleston committed the alleged misconduct"), *adopted*, 2:22-cv-40, ECF No. 8 (S.D. W. Va. Mar. 30, 2022).

In summary, the undersigned **FINDS** that Plaintiff's Complaint lacks any basis in fact or law, that Plaintiff's claims are patently frivolous, and that amendment would be futile—all of which lead to the undersigned's conclusion that this matter should be dismissed on each of the bases set forth in 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## IV. Recommendation

For the foregoing reasons, it is respectfully **RECOMMENDED** that Plaintiff's Application to Proceed Without Prepayment of Fees and Costs. [ECF No. 1] be **DENIED**, and this civil action be **DISMISSED** with prejudice.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (mailing) from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. A copy of any objections shall be provided to Judge Johnston and to each opposing party, except that, if any opposing party is represented by counsel, that party's copy should be provided to his or her counsel.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation, and to transmit a copy of the same to Plaintiff.

ENTER: May 2, 2024

Dwane L. Tinsley
United States Magistrate Judge